## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**LYNNE WARSHAW**, individually and on behalf of all others similarly situated,

      Plaintiffs,

      v.

**BANK OF AMERICA, N.A.,**

      Defendant.

Case No.

Judge

**CLASS ACTION COMPLAINT FOR DAMAGES**

**JURY DEMAND ENDORSED HEREON**

Plaintiff Lynne Warshaw individually and on behalf of all others similarly situated, by and through counsel, bring this action against Defendant Bank of America, N.A., and states as follows for her Class Action Complaint:

### NATURE OF THE ACTION

1.    Plaintiff Lynne Warshaw ("Plaintiff" or "Warshaw") brings this case to hold Defendant Bank of America, N.A. ("Defendant" or "BOA") for various errors it has committed and misrepresentations it has issued in relation to its obligation to respond to requests for information and requests to correct errors related to borrowers' residential mortgage loans. Defendant has refused to provide call recordings to which borrowers are entitled, has given the illusion of timely responses to borrowers' requests despite not timely sending such responses, and has misled borrowers as to how long Defendant has to respond to such requests.

### PARTIES, JURISDICTION, AND VENUE

2.    Plaintiff is a natural person residing in Broward County, Florida.

3.    Plaintiff is an owner of residential real property located in Palm Beach County, Florida (the "Home"), that was purchased for and used for personal, family, and household use.

4.     Defendant, BOA is a national banking association with its principal place of business in North Carolina. It is a federally chartered bank headquartered in Charlotte, North Carolina. Through its network of branch locations, BOA conducts substantial business in the State of Florida and this District.

5.     Defendant is the current servicer of a note executed by Plaintiff (the "Note") and of a mortgage on the Home executed by Plaintiff that secures the Note (the "Mortgage") (collectively, the "Loan").

6.     Defendant has serviced the Loan at all times relevant to the causes of action pleaded in this Complaint.

7.     This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§1332(d). CAFA's requirements are satisfied in that (1) the members of the Class exceed 100; (2) the citizenship of at least one proposed Class member is different from that of the Defendant; and (3) the matter in controversy, after aggregating the claims of the proposed Class members, exceeds $5,000,000.00, exclusive of interest and costs.

8.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, as this action primarily arises under the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA) and Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq*. ("RESPA").

9.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear the state law claims brought under the Florida Consumer Collections Practices Act (FCCPA), Fla. Stat. § 559.72, *et seq.*

10.    Venue lies in this District pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

### RESPA AND REGULATION X

11.    RESPA permits a borrower (or an agent of a borrower) to submit a "qualified written request" requesting an error regarding a "federally related mortgage loan" to be corrected[1] or requesting information relative to such a loan to any servicer of such a loan.[2] 12 U.S.C. § 2605(e)(1).

12.    RESPA provides that upon receipt of a qualified written request, "a servicer of a federally related mortgage loan…shall provide a written response acknowledging receipt of the correspondence within 5 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period." 12 U.S.C. § 2605(e)(1)(A).

13.    Regarding NOEs, RESPA provides that "not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request…the servicer shall…make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction" or after conducting an investigation "provide the borrower with a written explanation or clarification that includes…a statement of the reasons for which the servicer believes the account of the borrower is correct" either of which such notice "shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower." 12 U.S.C. § 2605(e)(2); 12 U.S.C. § 2605(e)(2)(A); 12 U.S.C. § 2605(e)(2)(B)(i)-(ii).

14.    Regarding RFIs, RESPA provides that "not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified

---

[1] Hereinafter, these qualified written requests shall be referred to as Notices of Error, or "NOEs".
[2] Hereinafter, these qualified written requests shall be referred to as Requests for Information, or "RFIs".

written request… the servicer shall…provide the borrower with a written explanation or clarification that includes" the "information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower." 12 U.S.C. § 2605(e)(2); 12 U.S.C. § 2605(e)(2)(C); 12 U.S.C. § 2605(e)(2)(C)(i)-(ii).

15.     Further, specifically regarding RFIs requesting the identity and contact information of the owner or assignee of the loan, RESPA provides that a servicer of a federal related mortgage loan shall not fail to respond to such a request within ten (10) business days. 12 U.S.C. § 2605(k)(1)(D).

16.     In January 2013, the Consumer Financial Protection Bureau ("CFPB") issued final rules concerning mortgage markets in the United States, pursuant to the authority granted by the DFA —which amended RESPA.

17.     The CFPB's RESPA Mortgage Servicing Final Rules—known as "Regulation X" and codified as 12 C.F.R. § 1024—were issued on January 17, 2013, and became effective on January 10, 2014.

18.     Through Regulation X, the CFPB has provided guidance for the interpretation of RESPA provisions related to RFIs and NOEs.

19.     RESPA and Regulation X provide that upon receipt of an NOE or RFI, a servicer of a federally related mortgage loan must provide a written response acknowledging receipt of the correspondence within 5 days (excluding legal public holidays, Saturdays, and Sundays). 12 C.F.R. §§ 1024.35(d) and 1024.36(c).

20.      Relative to NOEs, Regulation X provides that "[a] servicer shall comply with the requirements of this section for any written notice from the borrower that asserts an error and that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and the error the borrower believes has occurred…A qualified written request that asserts an error relating to the servicing of a mortgage loan is a notice of error for purposes of this section, and a servicer must comply with all requirements applicable to a notice of error with respect to such qualified written request." 12 C.F.R. § 1024.35(a).

21.      Relative to NOEs, Regulation X provides that a servicer must respond to an NOE by either "[c]orrecting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a phone number, for further assistance" or "[c]onducting a reasonable investigation and providing the borrower with written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a phone number, for further assistance." 12 C.F.R. § 1024.35(e)(1).

22.      Relative to RFIs, Regulation X provides that "a servicer shall comply with the requirements of this section for any written request for information from a borrower that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and states the information the borrower is requesting with respect to the borrower's mortgage loan." 12 C.F.R. § 1024.36(a).

23.     12 C.F.R. § 1024.36(d)(1) provides that a servicer must respond to an RFI by either "[p]roviding the borrower with the requested information and contact information, including a telephone number, for further assistance in writing" or "[c]onducting a reasonable search for the requested information and providing the borrower with a written notification that states that the servicer has determined that the requested information is not available to the servicer, provides the basis for the servicer's determination, and provides contact information, including a telephone number, for further assistance."

24.     A servicer does not have to comply with 12 C.F.R. § 1024.36(c) or 12 C.F.R. § 1024.36(d) if the servicer *reasonably determines* that the request seeks substantially the same information as a prior request, the information sought is confidential, proprietary, or privileged, the information is not directly related to a borrower's specific mortgage loan account, the request is overbroad or unduly burdensome, or the request is untimely. *See* 12 C.F.R. § 1024.36(f)(1).

## **STATEMENT OF FACTS**

25.     Defendant is a mortgage "servicer" as defined by 12 C.F.R. § 1024.2(b) and 12 U.S.C. § 2605(i)(2).

26.     Defendant is the servicer of Plaintiff's Loan and is or was the servicer of each members of the Classes notes and mortgages on residential real property that secure those notes (collectively referred to hereinafter as the "Loans").

27.     The Loans (defined, *infra*) were used for personal, family, or household purposes.

28.     Plaintiff and each member of the Classes, defined *infra*, are "consumers" as defined by Florida Statute § 559.55(8) asserting claims against Defendant as a "debt collector" within the meaning of Florida Statute § 559.55(7) as set forth, *infra.*

29.     The Loans are each a "federally related mortgage loan" as defined by RESPA and Regulation X. 12 U.S.C. § 2602(1); 12 C.F.R. § 1024.2(b).

30.     Defendant is subject to the requirements of RESPA and Regulation X, and does not qualify for the exception for "small servicers"—as defined by 12 C.F.R. § 1026.41(e)(4)—nor for the exemption for a "qualified lender"—as defined by 12 C.F.R. § 617.7000.

31.     Plaintiff and members of the Classes, defined *infra*, submitted RFIs and/or NOEs to Defendant to the address Defendant designated for the receipt of such, pursuant to its authority to do so under 12 C.F.R. § 1024.35(c) and 12 C.F.R. § 1024.36(b) (the "Designated Address").

### *BOA Advised of Incorrect Response Deadlines in Acknowledgment Letters*

32.     In sending written notices acknowledging receipt of the RFIs and NOEs sent by Plaintiff and members of the Acknowledgment Letter Class, defined *infra*, Defendant would wrongfully advise Plaintiff and members of the Acknowledgment Letter Class as to the proper date by which BOA would be legally required to respond under RESPA and Regulation X.

33.     Specifically, Defendant sent correspondence stating, in the same or substantially similar terms:

> To ensure a timely response to your concerns we've assigned a specialist who will conduct a thorough review. Please allow us 30 business days from the date of this letter to respond with a resolution to your request or an update on the status.

(the "Acknowledgement Letters").

34.     These Acknowledgment Letters misrepresented the response date dictated by RESPA and Regulation X by advising that Defendant would respond within 30 business days of the date of each Acknowledgment Letter, rather than within 30 days of Defendant's receipt of the RFI and/or NOE.

***Untimely Sending of Responses to RFIs and NOEs***

35.     In sending written responses to RFIs and NOEs sent by Plaintiff and members of the Inaccurate Response Date Class, Defendant would fail to timely respond to the same as despite *preparing* or *generating* letters within the applicable deadlines of RESPA and Regulation X, Defendant would not *send* such responses within the applicable timeframes.

36.     That is, for example, despite Defendant generating responses to an RFI or NOE within the applicable deadlines, the postmarks on the envelopes for such letters indicate that the letters were not *sent for delivery* until after the expiration of the applicable deadlines.

***Refusal to Provide Call Recordings***

37.     Plaintiff and members of the Call Recording Class, defined *infra*, sent RFIs requesting call recordings of telephone calls between themselves and representatives of Defendant.

38.     In response to such RFIs, Defendant refused to provide the requested telephone calls claiming that such requests were unduly burdensome.

39.     Defendant's determination as to whether the request for telephone calls was unduly burdensome was not reasonable, however, and was rather offered as a boilerplate excuse for not having to provide the requested information.

***Facts Pertinent to Plaintiff***

40.     On multiple occasions, Plaintiff sent RFIs to Defendant at its Designated Address, requesting, in part, for Defendant to:

> Please provide Call recordings/transcripts for these specific dates: Between Loretta Pillado (employed in the Office of the President (Angelo Mozilo), Countrywide Home Loans, Inc.[)] and Lynne Kaufman aka Lynne Warshaw.
> 06/19/2007 5:43 PM
> 06/26/2007 5:14 PM
> 06/29/2007 6:55 PM
> 06/29/2007 7:00 PM

08/01/2007 5:11 PM
09/20/2007 6:19 PM
09/21/2007 6:14 PM

41.     Specifically, Plaintiff sent the following RFIs to Defendant at its Designated Address, making the request for call recordings, *supra*:

(a) An RFI sent February 2, 2024 [Tracking No. 9505514706264033860210] ("RFI #1);

(b) An RFI/NOE sent March 26, 2024 [Tracking No.9505514706224086429537] ("RFI #2/NOE #1");

(c) An RFI/NOE sent May 15, 2024 [Tracking No.9114902307224523856940] ("RFI #3/NOE #2"); and,

(d) An RFI/NOE sent July 22, 2024 [Tracking No.9114902307224523857022] ("RFI #4/NOE #3").

*See*, copies of RFI #1, RFI #2/NOE #1, RFI #3/NOE #2, and RFI #4/NOE #3, along with receipts showing the cost and date of delivery and proof of delivery, attached as **Exhibit 1**, **Exhibit 2**, **Exhibit 3**, and **Exhibit 4**, respectively.

42.     Defendant received RFI #1 on February 6, 2024. *See*, Exhibit 1.

43.     Despite receiving RFI #1 on February 6, 2024, Defendant did not send written notice acknowledging receipt of RFI #1 until February 23, 2024 through which Defendant stated:

To ensure a timely response to your concerns we've assigned a specialist who will conduct a thorough review. Please allow us 30 business days *from the date of this letter* to respond with a resolution to your request or an update on the status [emphasis added].

*See*, a copy of the February 23, 2024 acknowledgement letter, attached as **Exhibit 5**.

44.     Defendant was required *send* its written response to RFI #1 within 30 days (excluding legal public holidays, Saturdays, and Sundays) of February 6, 2024, that is on or before March 20, 2024.

45.     Per the priority overnight label accompanying the letter in response to RFI #1 ("Response to RFI #1"), such correspondence was not *sent* until March 21, 2024. *See*, a copy of the Response to RFI #1, without enclosures, attached as **Exhibit 6**.

46.     Through Response to RFI #1, Defendant stated:

included in your correspondence was a request for written transcripts and/or recorded calls. Please be advised that we are unable to provide call transcripts or call recordings as such requests are unduly burdensome.

*See*, Exhibit 3.

47.     Defendant received RFI #2/NOE #1 on March 29, 2024. *See*, Exhibit 2.

48.     In addition to again requesting the call recordings described, *supra*, Plaintiff also alleged that Defendant's claim that such request was unduly burdensome, was improper and unreasonable.

49.     Defendant sent written notice acknowledging receipt of RFI #2/NOE #1 on April 3, 2024 through which Defendant stated:

To ensure a timely response to your concerns we've assigned a specialist who will conduct a thorough review. Please allow us 30 business days *from the date of this letter* to respond with a resolution to your request or an update on the status [emphasis added].

*See*, a copy of the April 3, 2024 acknowledgement letter, attached as **Exhibit 7**.

50.     Defendant was required *send* its written response to RFI #2/NOE #1 within 30 days (excluding legal public holidays, Saturdays, and Sundays) of March 29, 2024, that is on or before May 10, 2024.

51.     Defendant sent a response to RFI #2/NOE #1 ("Response to RFI #2/NOE #1"), on

May 10, 2024. *See*, a copy of the Response to RFI #2/NOE #1, without enclosures, attached as

**Exhibit 8**.

52.     Through Response to RFI #2/NOE #1 Defendant stated:

As informed in our previous response mailed to you dated March 21, 2024, your
request for written transcript and/or recorded calls fits within one of the exceptions
under 12 C.F.R. § 1024.36 as it is considered unduly burdensome. Under these
exceptions, a servicer is not required to:
- Respond to requests for information that are unduly burdensome.
- To address overbroad requests that seek an unreasonable volume of
documents or information
- To respond to requests for information irrelevant to a borrower's loan or to
requests that seek confidential, privileged, or proprietary information.
- To provide a borrower with information or documentation that is not in the
server's control or possession or that cannot be retrieved in the ordinary
course of business through responsible efforts.

*See*, Exhibit 8.

53.     Defendant received RFI #3/NOE #2 on May 18, 2024. *See*, Exhibit 3.

54.     In addition to again requesting the call recordings described, *supra*, Plaintiff also

alleged that Defendant's claim that such request was unduly burdensome, was improper and

unreasonable.

55.     Defendant sent written notice acknowledging receipt of RFI #3/NOE #2 on May

24, 2024 through which Defendant stated:

To ensure a timely response to your concerns we've assigned a specialist who will
conduct a thorough review. Please allow us 30 business days *from the date of this
letter* to respond with a resolution to your request or an update on the status
[emphasis added].

*See*, a copy of the May 24, 2024 acknowledgement letter, attached as **Exhibit 9**.

56.     Defendant was required *send* its written response to RFI #3/NOE #2 within 30 days (excluding legal public holidays, Saturdays, and Sundays) of May 18, 2024, that is on or before July 2, 2024.

57.     Defendant failed to send a written response to RFI #3/NOE #2.

58.     Defendant received RFI #4/NOE #3 on July 27, 2024. *See*, Exhibit 4.

59.     In addition to again requesting the call recordings described, *supra*, Plaintiff also alleged that Defendant's claim that such request was unduly burdensome, was improper and unreasonable.

60.     Defendant was required *send* its written response to RFI #4/NOE #3 within 30 days (excluding legal public holidays, Saturdays, and Sundays) of July 27, 2024, that is on or before May 10, 2024.

61.     Defendant sent a response to RFI #4/NOE #3 ("Response to RFI #4/NOE #3"), on May 10, 2024. *See*, a copy of the Response to RFI #4/NOE #3, without enclosures, attached as **Exhibit 10**.

62. Through Response to RFI #4/NOE #3 Defendant stated:

> Your request for call transcripts from 2007 fits within the unduly burdensome exception under 12 C.F.R. § 1024.36 as outlined below, and as you may be aware, a servicer is not required to:
> - Respond to requests for information that are unduly burdensome.
> - To address overbroad requests that seek an unreasonable volume of documents or information
> - To respond to requests for information irrelevant to a borrower's loan or to requests that seek confidential, privileged, or proprietary information.
> - To provide a borrower with information or documentation that is not in the server's control or possession or that cannot be retrieved in the ordinary course of business through responsible efforts.
>
> Please note, your request is considered unduly burdensome as it requests information that purports to require Bank of America to provide information in a specific format, such as in a transcript, when such information is not ordinarily stored in such format. Bank of America does not create transcripts of calls in its ordinary course of business.

*See*, Exhibit 10.

63.     To date, Defendant has refused to provide the requested call recordings and has otherwise failed to provide any reasonable basis for doing the same.

64.     The call recordings requested through RFI #1, RFI #2/NOE #1, RFI #3/NOE #2, and RFI #4/NOE #3 were, and continue to be, of significant importance to Plaintiff as the contents of such conversations pertains to the origination and circumstances of an alleged default on the Loan and whether errors occurred in relation to the same.

65.     Plaintiff Warshaw has suffered harm from Defendant's actions, as it required her to incur costs—such as postage expenses and attorneys' fees—to send RFI #1, RFI #2/NOE #1, RFI #3/NOE #2, and RFI #4/NOE #3 to Defendant at its Designated Address without receiving an adequate or timely response to the same, by being misled by the Acknowledgement Letters as to the true due date of Defendant's responses, and by not receiving the information requested by and through the same in return.

## CLASS ACTION ALLEGATIONS

66.     **Acknowledgment Letter Class Definition**: Plaintiff brings this action pursuant to Fed R. Civ. P. 23 on behalf of a class of similarly situated individuals and entities (the "Acknowledgement Letter Class"), defined as follows:

> All loan borrowers in the State of Florida, during the applicable statute of limitations period (1) who submitted to Bank of America, N.A., a "qualified written request," as defined by 12 U.S.C. § 2605(e)(1)(B), a Request for Information, as defined by 12 C.F.R. § 1024.36(a), or Notice of Error, as defined by 12 C.F.R. § 1024.35(a), (2) who received a letter from Bank of America, N.A. acknowledging receipt of such correspondence, and (3) that stated Bank of America, N.A. had to respond within thirty business days from the date of such letter rather than from the date of Bank of America, N.A.'s receipt of such correspondence.

> Plaintiff and Class Members reserve the right to amend the Class definitions as discovery proceeds and to conform to the evidence. Excluded from the Class are:

(1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

67.     **Call Recording Class Definition:** Plaintiff brings this action pursuant to Fed R. Civ. P. 23 on behalf of a class of similarly situated individuals and entities (the "Call Recording Class"), defined as follows:

> All loan borrowers in the United States, during the applicable statute of limitations period (1) who submitted to Bank of America, N.A., a "qualified written request," as defined by 12 U.S.C. § 2605(e)(1)(B), a Request for Information, as defined by 12 C.F.R. § 1024.36(a), or Notice of Error, as defined by 12 C.F.R. § 1024.35(a), (2) requesting copies of call recordings between themselves and their mortgage servicer, and (3) that Bank of America, N.A. refused to provide.

> Plaintiff and Class Members reserve the right to amend the Class definitions as discovery proceeds and to conform to the evidence. Excluded from the Class are: (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

68.     **Inaccurate Response Date Class Definition:** Plaintiff brings this action pursuant to Fed R. Civ. P. 23 on behalf of a class of similarly situated individuals and entities (the "Inaccurate Response Date Class"), defined as follows:

> All loan borrowers in the United States, during the applicable statute of limitations period (1) who submitted to Bank of America, N.A., a "qualified written request," as defined by 12 U.S.C. § 2605(e)(1)(B), a Request for Information, as defined by 12 C.F.R. § 1024.36(a), or Notice of Error, as defined by 12 C.F.R. § 1024.35(a), (2) who received a response letter that was dated within the applicable response deadline, and (3) that contained a postmark date that occurred after the applicable response deadline.

Plaintiff and Class Members reserve the right to amend the Class definitions as discovery proceeds and to conform to the evidence. Excluded from the Class are: (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

69.     **Numerosity**: Upon information and belief, the Acknowledgement Letter Class, the Call Recording Class, and the Inaccurate Response Date Class (collectively, the "Classes") are each comprised of more than 40 members. This conclusion is reasonable because Defendant is one of the largest mortgage providers and servicers in the country, and, as of Dec. 31, 2023, was servicing approximately 1.70 million loans totaling $296.7 billion including, 627,000 agency loans totaling $66.2 billion, approximately 83,900 non-agency RMBS loans totaling $13.0 billion, and approximately 14,600 other loan types totaling $1.3 billion.[3] The Class is so numerous that joinder of all members is impractical. The exact number of members in the Class is presently unknown, can only be ascertained through discovery, and can easily be identified through Defendant's records or by other means.

70.     **Commonality and Predominance:** All members of the Class have been subject to and affected by a uniform course of conduct: specifically:

(a) For the Acknowledgment Letter Class, sending form letters inaccurately advising borrowers of when Defendant was required to respond to their RFIs and NOEs;

---

[3] *Fitch Upgrades Bank of America, NA's U.S. RMBS Servicer Ratings, Outlook Stable* (https://www.fitchratings.com/research/structured-finance/fitch-upgrades-bank-of-america-na-us-rmbs-servicer-ratings-outlook-stable-11-04-2024), April 11, 2024 (last accessed January 20, 2025).

(b) For the Call Recording Class, refusing to provide call recordings in response to RFIs and NOEs without any valid basis for doing so; and,

(c) Inaccurate Response Date Class, for failing to timely send responses to RFIs and NOEs by failing to mail such responses prior to the deadline for doing so despite allegedly having timely generated the response.

There are questions of law and fact common to the proposed Class that predominate over any individual questions.

71.     **Typicality:** Plaintiff's claims are typical of the claims of the Classes. Plaintiff and members of the Classes were denied information to which they were entitled in the time manner in which they were entitled because Defendant unlawfully failed to provide a proper acknowledgement or proper response due to Defendant's misconduct causing Plaintiff and members of the Classes to incur damages as a result.

72.     **Adequacy and Superiority:** Plaintiffs will adequately represent the interests of the Classes and do not have adverse interests to the Classes. If individual members of the Classes prosecuted separate actions, it may create a risk of inconsistent or varying judgments that would establish incompatible standards of conduct. A class action is the superior method for the quick and efficient adjudication of this controversy. Plaintiff's counsel have extensive experience litigating consumer class actions.

**<u>COUNT ONE:</u>**
**Violations of Fla. Stat. §559.72(9)**
**(On behalf of Plaintiff and the Acknowledgment Letter Class)**

73.     Plaintiff repeats and realleges paragraphs 1 through 72 with the same force and effect as though fully set forth herein.

74.      At all times relevant to this action, Defendant is subject to and must abide by the

law of Florida, including Florida Statute § 559.72.

75.     Bank of America, in, *inter alia*, issuing the inaccurate Acknowledgment Letters, violated Florida Statute § 559.72(9) by claiming, attempting, or threatening to enforce a debt when Bank of America knew that the debt was not legitimate, or asserting the existence of some other legal right when Defendant knew that right did not exist/

76.     Specifically, Defendant is asserting the existence of a legal right to respond to RFIs and NOEs within thirty days (excluding legal public holidays, Saturdays, and Sundays) of each of the Acknowledgment Letters rather than thirty days (excluding legal public holidays, Saturdays, and Sundays) from receipt of any such RFI or NOE. *See*, Exhibits 5, 7 and 9.

77.     "Any ***person*** who fails to comply with any provision of s. 559.72 is liable for actual damages ***and for additional statutory damages as the court may allow***, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining Bank of America's liability for any additional statutory damages, the court shall consider the nature of Bank of America's noncompliance with s.559.72, the frequency and persistence of the non-compliance, and the extent to which the noncompliance was intentional." Fla. Stat. 559.77(2) (emphasis added).

78.     Defendant's actions have caused Plaintiff and members of the Acknowledgment Letter Class to suffer actual damages, further described, *supra*.

79.     As a result of Defendant's actions, Defendant is liable to Plaintiffs and members of the Acknowledgment Letter Class for actual damages, statutory damages, costs, and attorneys' fees. Fla. Stat. 559.77(2).

**COUNT TWO:**
**Violation of 12 C.F.R. § 1024.35(e), 12 C.F.R. § 1024.36(d),**
**and/or 12 U.S.C. §§ 2605(e) and (k)**
**(On behalf of Plaintiff and the Inaccurate Response Date Class)**

80.     Plaintiff repeats and realleges paragraphs 1 through 72 with the same force and effect as though fully set forth herein.

81.     Plaintiff and Inaccurate Response Date Class members submitted RFIs and NOEs, each of which were a "qualified written request" as defined by 12 U.S.C. § 2605(e)(1)(B), to Defendant at the Designated Address.

82.     Plaintiff's and Inaccurate Response Date Class members' NOEs alleged that Defendant committed specific errors related to their loans as enumerated in 12 C.F.R. §§ 1024.35(b)(1)-(11), pursuant to 12 C.F.R. § 1024.35.

83.     Plaintiffs' and Inaccurate Response Date Class members' RFIs requested specific information related to their loans, pursuant to 12 C.F.R. § 1024.36.

84.     Defendant failed to provide a substantive written response to Plaintiff's and Class members' RFIs and NOEs within the applicable timeframes of ten (10) or thirty (30) business days of receipt—that is, within ten (10) or thirty (30) business days of arrival at the Designated Address—as required by 12 U.S.C. § 2605(e)(1)(A) and 12 C.F.R. §§ 1024.35(e) and 1024.36(d) as Defendant prepared such responses within such deadlines, but did not *send* them as required within such deadlines. *See*, Exhibits 1 and 6.

85.     Defendant's failure to provide a substantive written response to Plaintiffs' and Class members' RFIs and NOEs within the applicable timeframes of ten (10) or thirty (30) business days of receipt constitutes clear violations of the requirements of 12 U.S.C. §§ 2605(e)(2) and 2605(k)(1)(D), as interpreted by 12 C.F.R. §§ 1024.35 and 1024.36.

86.     Plaintiff and Inaccurate Response Date Class members were harmed because they incurred the expenses associated with sending RFIs and NOEs—such as their time, postage, etc.—

but did not receive the information or responses to which they were legally entitled, pursuant to RESPA and Regulation X, within the applicable timeframe.

87.     Defendant's actions are believed to be the continuation of a pattern and practice of behavior in conscious disregard of the Plaintiff's and Inaccurate Response Date Class members' rights.

88.     As a result of Defendant's actions, Defendant is liable to Plaintiff and Inaccurate Response Date Class members for actual damages, statutory damages, costs, and attorney fees. 12 U.S.C. §§ 2605(f)(2)-(3).

### *Untimely Sending of Responses to RFIs and NOEs*

89.     In sending written responses to RFIs and NOEs sent by Plaintiff and members of the Inaccurate Response Date Class, Defendant would fail to timely respond to the same as despite *preparing* or *generating* letters within the applicable deadlines of RESPA and Regulation X, Defendant would not *send* such responses within the applicable timeframes.

90.     That is, for example, despite Defendant generating responses to an RFI or NOE within the applicable deadlines, the postmarks on the envelopes for such letters indicate that the letters were not *sent for delivery* until after the expiration of the applicable deadlines.

### COUNT THREE:
**Violation of 12 C.F.R. § 1024.35(e), 12 C.F.R. § 1024.36(d),
and/or 12 U.S.C. §§ 2605(e) and (k)
(On behalf of Plaintiff and the Call Recording Class)**

91.     Plaintiff repeats and realleges paragraphs 1 through 72 with the same force and effect as though fully set forth herein.

92.     A servicer must respond to a request for information by:

(i)  Providing the borrower with the requested information and contact information, including a telephone number, for further assistance in writing; or

(ii) Conducting a reasonable search for the requested information and providing the borrower with a written notification that **states that the servicer has determined that the requested information is not available to the servicer**, provides the basis for the servicer's determination, and provides contact information, including a telephone number, for further assistance [emphasis added].

12 C.F.R. § 1024.36(d)(1).

93.      A servicer does not have to comply with 12 C.F.R. § 1024.36(c) or 12 C.F.R. § 1024.36(d) if the servicer reasonably *determines* that the request seeks substantially the same information as a prior request, the information sought is confidential, proprietary, or privileged, the information is not directly related to a borrower's specific mortgage loan account, the request is overbroad or unduly burdensome, or the request is untimely. *See* 12 C.F.R. § 1024.36(f)(1) (emphasis added).

94.      "A servicer of a federally related mortgage shall not...fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties." 12 U.S.C. § 2605(k)(1)(C).

95.      A servicer of a federally related mortgage shall not "fail to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter." 12 U.S.C. § 2605(k)(1)(E).

96.      Defendant's claims, in refusing to provide specific recorded telephone calls as requested through RFIs and NOEs, that such requests are unduly burdensome were not reasonable.

97.      Moreover, if Defendant intended to claim that such recordings could not be provided because they were not available or did not exist, then Defendant was required to state so in its response. *See*, 12 C.F.R. § 1024.36(d)(1)(ii).

98.     Defendant's failures to provide copies of telephone calls requested by Plaintiff and members of the Telephone Recording Class in response to RFIs and NOEs constitute violations of 12 C.F.R. § 1024.35(e), 12 C.F.R. § 1024.36(d), and/or 12 U.S.C. §§ 2605(e) and (k) and has caused Plaintiffs and members of the Telephone Recording Class to suffer actual damages as detailed, *supra*.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Lynne Warshaw, individually and on behalf of all others similarly situated, prays for an Order as follows:

A.  Finding that this action satisfies the prerequisites for maintenance as a class action and certifying the Acknowledgement Letter Class, the Call Recording Class, and the Inaccurate Response Date Clas**s**, as defined, *supra*;

B.  Designating Plaintiff as representative of the Acknowledgement Letter Class, the Call Recording Class, and the Inaccurate Response Date Clas**s**, and their undersigned counsel as Class Counsel;

C.  Entering judgment in favor of Plaintiff, the Acknowledgement Letter Class, the Call Recording Class, and the Inaccurate Response Date Clas**s,** and against Defendant;

D.  Awarding Plaintiff, the Acknowledgement Letter Class, the Call Recording Class, and the Inaccurate Response Date Clas**s,** their actual damages;

E.  Awarding Plaintiff and the Acknowledgement Letter Class their statutory damages as allowed under the FCCPA;

F.  Awarding Plaintiff, the Call Recording Class, and the Inaccurate Response Date Class, their statutory damages as allowed under RESPA;

G. Awarding Plaintiff, the Acknowledgement Letter Class, the Call Recording Class, and the Inaccurate Response Date Class, attorneys' fees and costs, including interest thereon, as allowed or required by law; and,

H. Granting all such further and other relief as this Court deems just and appropriate.

### JURY DEMAND

Plaintiff Lynette Warshaw hereby respectfully demands a trial by jury on all such claims that may be so tried.

Dated: January 24, 2025.                     Respectfully submitted,

*/s/ Scott D. Hirsch*
Scott D. Hirsch
**SCOTT HIRSCH LAW GROUP, PLLC**
Fla. Bar No. 50833 6810
N. State Road 7
Coconut Creek, FL 33073 Tel:
(561) 569-7062
Email: scott@scotthirschlawgroup.com

*Counsel for Plaintiff Lynne Warshaw aka Kaufman*