UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-60136-CIV-SMITH

LYNNE WARSHAW, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.

BANK OF AMERICA, N.A.,

    Defendant.
_____/

**ORDER GRANTING MOTION TO DISMISS**

This matter is before the Court on Defendant Bank of America, N.A.'s Motion to Dismiss First Amended Complaint and Incorporated Memorandum of Law (the "Motion") [DE 21], Plaintiff's Response [DE 24], and Defendants' Reply [DE 27]. For the following reasons, the Motion is granted in part.

    **I.**    **ALLEGATIONS IN FIRST AMENDED COMPLAINT**

Plaintiff brings this action against Defendant Bank of America, N.A. ("Defendant" or "BOA") for various alleged errors and misrepresentations Defendant committed in relation to its obligation to respond to requests for information and requests to correct errors related to Plaintiff's residential mortgage loan. Plaintiff alleges that Defendant refused to provide call recordings to which borrowers are entitled, gave the illusion of timely responses to borrowers' requests despite not timely sending such responses, and misled borrowers as to how long Defendant had to respond to such requests.

As to her specific claims, Plaintiff alleges that she sent requests for information ("RFIs") to Defendant at its designated address, requesting call recordings and transcripts for phone calls that

occurred between June 2007 and September 2007. Plaintiff avers that the phone calls and transcripts are important because the contents of the conversations pertain to the origination and circumstances of an alleged default on her loan and whether errors occurred in relation to the same. Although Defendant responded to each request, Plaintiff contends that the responses were untimely. Furthermore, Plaintiff also alleges that Defendant's responses to Plaintiff—claiming that her RFIs were unduly burdensome—are improper and unreasonable. As a result, Plaintiff maintains that she suffered harm from Defendant's actions, as it required her to incur costs such as postage expenses and attorneys' fees to send her RFIs. Moreover, Plaintiff alleges that she was also harmed because the responses were misleading, untimely, and incomplete as to her requested information.

Plaintiff also attempts to establish three classes for a class action suit: the Acknowledgment Letter Class, the Inaccurate Response Date Class, and the Call Recording Class. As it pertains to the Acknowledgement Letter Class, Plaintiff alleges that Defendant wrongfully advised Plaintiff and members of the Acknowledgment Letter Class as to the proper date by which BOA would be legally required to respond under the Real Estate Settlement Procedures Act ("RESPA") and the Consumer Financial Protection Bureau's RESPA Mortgage Servicing Final Rules also known as Regulation X. Plaintiff contends that Defendant's Acknowledgment Letters misrepresented the response date dictated by RESPA and Regulation X by advising that Defendant would respond within 30 business days of the date of each Acknowledgment Letter, rather than within 30 days of Defendant's receipt of the RFI and/or NOE.

With regard to the Inaccurate Response Date Class, Plaintiff claims Defendant sent Plaintiff and other class members responses with RFIs and notices of error ("NOEs") that were outside of the applicable deadlines under RESPA and Regulation X. Plaintiff further alleges at least some of the responses Defendant would generate responding to the RFIs or NOEs within the applicable deadlines, however, the postmarks on the envelopes for the letters indicate that they were not sent

for delivery until after the expiration of the applicable deadlines.

In addition, Plaintiff and members of the Call Recording Class sent RFIs requesting call recordings of telephone calls between themselves and representatives of Defendant. Ultimately, Defendant refused to provide the requested telephone calls claiming that such requests were unduly burdensome. Defendant's determination as to whether the request for telephone calls was unduly burdensome was not reasonable, however, and was rather offered as a boilerplate excuse for not having to provide the requested information.

Plaintiff alleges two counts under RESPA (premised on allegedly withheld calls and untimely-mailed letters), along with a single count under the Florida Consumer Collections Practices Act ("FCCPA") (premised on allegedly mischaracterized due dates).

## II. LEGAL STANDARD

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. *Murphy v. Fed. Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000) (citing *Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which they base their claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). However, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint must contain enough facts to plausibly allege the required elements. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295-96 (11th Cir. 2007).

As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citation omitted). While

the court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." *Id.* (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail on his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery to prove the allegations. *See Durham v. Whitney Info. Network, Inc.*, No. 06-CV-00687, 2009 WL 3783375, at *5 (M.D. Fla. Nov. 10, 2009).

### III.   DISCUSSION

#### A.   Plaintiff Fails to State a Claim under RESPA.

Defendant argues that Plaintiff did not—and cannot—plausibly allege a RESPA claim because Defendant had no obligation to respond to Plaintiff's inquiries after entry of the final judgment of foreclosure. For support, Defendant attaches the final judgment of foreclosure against Plaintiff, which is dated April 27, 2023. Moreover, Defendant claims that it was not a "servicer"—and it was not "servicing" Plaintiff's mortgage loan—within the meaning of RESPA at the time Plaintiff sent her inquiries. In response, Plaintiff claims that Defendant was obligated to respond to any RFIs or NOEs for one-year after servicing of the loan has been transferred to a different servicer or the loan has been discharged. The Court finds Defendant's arguments persuasive.

##### 1. The Court may consider Defendant's exhibit without converting Defendant's Motion to a motion for summary judgment.

As a preliminary matter, the present Motion to Dismiss has not been converted into a motion for summary judgment in accordance with Federal Rule of Civil Procedure 12(d). A court ordinarily cannot consider matters outside the pleadings when evaluating a motion to dismiss under Rule 12(b)(6). *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). A pleading includes written instruments attached as exhibits. Fed. R. Civ. P. 10(c); *see also Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). However, "a document attached to a motion to

4

dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim and (2) undisputed." *Horsley*, 304 F.3d at 1134. "In this context, 'undisputed' means that the authenticity of the document is not challenged." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Thus, "if the document's contents are alleged in a complaint and no party questions those contents, we may consider such a document provided it meets the centrality requirement...." *Id*. In determining whether a document is central to the plaintiff's case, the court asks "whether the plaintiff would have to offer the document to prove his case." *Lockwood v. Beasley*, 211 F. App'x. 873, 877 (11th Cir. 2006). Documents that are relevant to the defendant's affirmative defenses, rather than the plaintiff's claim, will fail to meet the centrality requirement. *Id*.

Here, the Court finds that Defendant's exhibit of the final judgment of foreclosure against Plaintiff attached to the Motion is both central to the Plaintiff's case and undisputed. Therefore, the Court may consider this document without converting the Motion to Dismiss into a summary judgment motion.

### 2. Defendant is not a "servicer" under RESPA.

As defined under RESPA, "[t]he term 'servicer' means the person responsible for servicing of a loan." 12 U.S.C § 2605(i)(2). "Servicing," in turn, "means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan...and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C § 2605(i)(3); *see also* 12 C.F.R. § 1024.2(b).

Under Florida law, the terms of a mortgage are merged into a foreclosure judgment and thereafter no longer provide the basis for determining the obligations of the parties. *See JPMorgan Chase Bank, N.A. v. Hernandez*, 99 So. 3d 508, 511 (Fla. 3rd DCA 2011) ("The Promissory Note and the Mortgage merged into the final judgment upon its entry. This occurs as a matter of well-

settled Florida law. The mortgage is merged into the judgment, is thereby extinguished, and 'loses its identity."); *Vernon v. Serv. Trucking, Inc.*, 565 So.2d 905, 906 (Fla. 5th DCA 1990) ("[A] debt reduced to final judgment merges into the final judgment and loses its prejudgment identity.").

Applying this reasoning, the Court finds that the mortgage loan ceases to exist following the judgment of foreclosure as a matter of law. Therefore, when Plaintiff sent her inquiries to Defendant in February 2024, Defendant was no longer a servicer under RESPA and thus had no obligation to respond to Plaintiff's inquiries.[1] Courts throughout the nation have followed similar logic. *See, e.g., Toscione v. Wells Fargo Home Mortg.*, No. 8:13-CV-02065-T, 2013 WL 10721711, at *1 (M.D. Fla. Sept. 18, 2013) ("[A]t the time the letter was written, Plaintiff's mortgage had been foreclosed and sold at a judicial sale, and Wells Fargo was therefore not 'servicing' the loan within the meaning of 12 U.S.C. § 2605(e)(1)(A)."); *Ahmed v. Wells Fargo Bank, NA*, 432 F. Supp. 3d 556, 564 (E.D. Pa. 2020) ("After the foreclosure judgment, any payments made to the judgment creditor, here Wells Fargo, go to pay off the judgment. They are not made pursuant to the terms of the mortgage loan, as required by RESPA's text. *See* 12 U.S.C. § 2605(i)(3)."); *Grenadyor v. SN Servicing Corp.*, No. 21-CV-02980, 2023 WL 2663954, at *3 (N.D. Ill. Mar. 28, 2023) ("When a loan is in default and the borrower is not making payments, a servicer is no longer "servicing the loan" because the servicer is not receiving any scheduled periodic payments.").

Although leave to amend "shall be freely given when justice so requires," *see* Fed. R. Civ. P. 15(a), the court, however, "may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004). Amendment here would be futile because the allegations Plaintiff has already made

---

[1] Notably, the Eleventh Circuit has not provided guidance as to whether loan providers remain servicers bound by RESPA for one year after foreclosure. As a result, the Court is persuaded by the weight of the authorities from other jurisdictions that find that the servicers are no longer bound after a final judgment is entered.

establish that Defendant was not required under RESPA to respond to Plaintiff. Accordingly, the Court dismisses Counts II and III of Plaintiff's complaint with prejudice.

> **B.     Plaintiff fails to state a FCCPA Claim.**

Defendant argues that Plaintiff failed to state a claim under the FCCPA. More specifically, Plaintiff argues that Defendant's responses were not related to a debt activity. Defendant notes that the relevant responses are the same ones that formed the basis of Plaintiff's RESPA claim. Plaintiff disagrees with Defendant's position and argues that the responses from Defendant were indeed debt collection activity due to boilerplate language being included in the responses indicating that Defendant is a debt collector, and the responses were an attempt to collect a debt. Despite this language, the Court finds that Plaintiff failed to state a claim.

The FDCPA and FCCPA are two consumer protection laws that parallel each other in many ways. In enacting the FDCPA, Congress sought "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010) (citing 15 U.S.C. § 1692(e); *Brown v. Budget Rent–A–Car Syss., Inc.*, 119 F.3d 922, 924 (11th Cir.1997)). Similarly, "the FCCPA is a laudable legislative attempt to curb what the legislature evidently found to be a series of abuses in the area of debtor-creditor relations." *Id*. (citations omitted). Thus, courts have construed the FCCPA in accordance with the FDCPA. *See e.g., Jones v. Select Portfolio Servicing, Inc*., No. 1:18-CV-20389-UU, 2018 WL 2316636, at *2 (S.D. Fla. May 2, 2018) (internal quotation marks omitted) ("As an initial matter, the FDCPA and the FCCPA are largely identical and the FCCPA is construed in accordance with the FDCPA."); *Lear v. Select Portfolio Servicing, Inc*., No. 17-62206-CIV, 2018 WL 1960108, at *1 (S.D. Fla. Apr. 25, 2018) (construing the FCCPA in accordance with the FDCPA); *Lilly v. Bayview Loan Servicing*,

7

LLC, No: 2:17-cv-00345, 2017 WL 4410040 at *2 (M.D. Fla. 2017) (same). Indeed, Section 559.77(5) of the Florida Statutes provide that in applying and construing the FCCPA, "due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act." Fla. Stat. § 559.77(5). Thus, the Court will construe Plaintiff's FCCPA claim in accordance with the FDCPA.

Not every communication between a debt collector and a debtor falls within the ambit of the FDCPA and FCCPA. To state a claim under the FDCPA, a plaintiff must plead: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Bohringer v. Bayview Loan Servicing, LLC*, 141 F. Supp. 3d 1229, 1235 (S.D. Fla. 2015) (quoting *Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1371 (S.D. Fla. 2011)).

The FDCPA does not explain what is meant by "in connection with the collection of any debt," and the Eleventh Circuit has not established a bright-line rule. Nevertheless, "courts have developed a factor-based analysis that takes into account: '(1) the nature of the relationship of the parties; (2) whether the communication expressly demanded payment or stated a balance due; (3) whether it was sent in response to an inquiry or request by the debtor; (4) whether the statements were part of a strategy to make payment more likely; (5) whether the communication was from a debt collector; (6) whether it stated that it was an attempt to collect a debt; and (7) whether it threatened consequences should the debtor fail to pay.' " *Bohringer,* 141 F.Supp.3d at 1240–41.

Considering the factors articulated above, the Court concludes, as a matter of law, that the letters received by Plaintiff were not communications sent in connection with the collection of a debt. First, the subject mortgage was extinguished months before the communications as evidenced by the final judgment. Second, each communication was a response to correspondence initiated by Plaintiff. *McElveen v. Westport Recovery Corp.*, 310 F. Supp. 3d 1374, 1380 (S.D. Fla. 2018)

8

("Importantly, courts have found that letters sent for informational purposes, such as those 'sent in response to correspondence or an inquiry from a debtor are communications induced by the debtor and not the debt collector. Thus, they do not fall within the ambit of the FDCPA.'") (quoting *Dyer v. Select Portfolio Servicing, Inc.*, 108 F.Supp.3d 1278, 1283 (M.D. Fla. 2015)). Third, the communications do not demand payment or threaten additional fees if Plaintiff failed to make payment. Against this backdrop, Count III must also be dismissed.

**ORDERED** that:

1. The Motion to Dismiss [DE 21] is **GRANTED in part**.

2. Named-Plaintiff, Lynne Warshaw's, claims are **DISMISSED with prejudice**. The class action Plaintiffs' claims are **DISMISSED without prejudice**.

3. All other pending motions are **DENIED as moot**.

4. This case is **CLOSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 9th day of February, 2026.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:   counsel of record

9